STRADLEY, RONON, STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
LibertyView
By: Francis X. Manning
    Joshua R. Dutill
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
(856) 321-2400
Attorneys for defendant, Cytec Industries Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o G.V. AND P.V.,<br><br>Plaintiff,<br><br>v.<br><br>CYTEC INDUSTRIES, ABC CORP. 1-10; (Said names being fictitious and unknown entities)<br><br>Defendants. | Case No.  2:13-cv-1616-FSH-PS<br><br>**ANSWER OF DEFENDANT CYTEC INDUSTRIES INC. TO COMPLAINT** |

Defendant Cytec Industries Inc. (incorrectly identified in the caption and the Complaint as "Cytec Industries") ("Cytec") responds to the Complaint as follows:

### AS TO THE PARTIES

1.  Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Admitted.

3. Cytec admits only that venue in this Court is proper.

4. Denied as stated. Cytec is the Plan Sponsor of the Cytec Industries Inc. Health & Welfare Benefits Plan (the "Cytec Benefits Plan"). The Cytec Benefits Plan is a self-funded plan.

5. Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. The allegations in paragraph 7 constitute conclusions of law to which no response is required.

## AS TO SUBSTANTIVE ALLEGATIONS

8. The allegations in paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Denied.

9. The allegations in paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as

follows:  Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

    10.  The allegations in paragraph 10 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Cytec states as follows:  Cytec denies that Plaintiff is entitled to what Plaintiff defines as the "reasonable and customary" or the "UCR" fee.

    11.  The allegations in paragraph 11 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Cytec states as follows:  Denied.

    12.  The allegations in paragraph 12 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Cytec states as follows:  Denied.

    13.  The allegations in paragraph 13 constitute conclusions of law to which no response is required.  To the extent that a response is deemed required, Cytec states as follows:  Denied.

    14.  The allegations in paragraph 14 constitute conclusions of law to which no response is required.  To the

extent that a response is deemed required, Cytec states as follows: Cytec denies that Plaintiff is entitled to payment in the amount of $48,540.61 from Cytec or from the Cytec Benefits Plan.

15. The allegations in paragraph 15 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denied as stated. Cytec did not issue any payment to Plaintiff.

17. The allegations in paragraph 17 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Denied.

### AS TO FIRST COUNT

18. Cytec incorporates its responses to paragraphs 1 through 17 as if set forth herein at length.

19. The allegations in paragraph 19 constitute conclusions of law to which no response is required.

20-23. The allegations in paragraphs 20 through 23 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Cytec is the Plan Sponsor of the Cytec Benefits Plan. It is not the claims administrator of the Cytec Benefits Plan.

24. The allegations in paragraph 24 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Cytec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25-31. The allegations in paragraphs 25 through 31 constitute conclusions of law to which no response is required. To the extent that a response is required, Cytec states as follows: Denied.

**AS TO SECOND COUNT**

32. Cytec incorporates its responses to paragraphs 1 through 31 as if set forth herein at length.

33-38. The allegations in paragraph 33 through 38 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Denied.

## AS TO THIRD COUNT

39. Cytec incorporates its responses to paragraphs 1 through 38 as if set forth herein at length.

40-43. The allegations in paragraph 40 through 43 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Cytec states as follows: Denied.

## AS TO FOURTH COUNT

44. Cytec incorporates its responses to paragraphs 1 through 43 as if set forth herein at length.

45. The allegations in paragraph 45 are not directed to Cytec and therefore no response is required from it.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim against Cytec upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to assert them.

3. Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and exclusions of any applicable agreements and plans, and its remedies, if any, are limited thereby.

4. Plaintiff's state law claims are preempted by ERISA, 29 U.S.C. § 1001, *et seq*.

5. Plaintiff's claims are barred or limited by ERISA, 29 U.S.C. § 1001, *et seq*.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff or its assignors failed to exhaust all administrative remedies.

7. Plaintiff's claims are barred because the benefit determinations at issue were not an abuse of discretion, arbitrary, capricious, without reason, unsupported by substantial evidence, or erroneous as a matter of law.

8. Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitations on actions.

9. Cytec has no obligation, by operation of law or otherwise, for the liabilities that Plaintiff asserts.

10. Cytec had no duty to Plaintiff or its assignors.

11. Cytec properly discharged any duty it had to Plaintiff or its assignors.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of payment and accord and satisfaction.

**WHEREFORE**, defendant Cytec Industries Inc. (incorrectly identified in the caption and the Complaint as "Cytec Industries") demands that the Court enter judgment in its favor and against Plaintiff on all claims, and that the Court award it the costs and fees it incurs in defending itself, and for such other relief as the Court may deem just and proper.

/s/ Francis X. Manning
Francis X. Manning
Joshua Dutill
Stradley Ronon Stevens & Young, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002-2223
(856) 321-2400
(856) 321-2415 (fax)
fmanning@stradley.com
jdutill@stradley.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2013, I caused a true and correct copy of the within pleading to be served via the Court's electronic server upon the following:

> Andrew R. Bronsnick, Esquire
> Massood & Bronsnick, LLC
> 50 Packanack Lake Road East
> Wayne, NJ  07470

s/ Francis X. Manning
Francis X. Manning
